IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                              RESPONDENT

vs.                                    Criminal No. 4:99-cr-40007
                                       Civil No. 4:07-cv-4079

RICHARD TIMROD DORMAN                                                                 MOVANT

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Movant, RICHARD TIMROD DORMAN, a prisoner confined at the United States Penitentiary, Beaumont, Texas, proceeding *pro se*, filed this proceeding pursuant to 28 U.S.C. § 2241, on August 29, 2007. (Doc. No. 27).[1] Thereafter, he filed a Supplemental Petition (Doc. No. 28) on August 31, 2007. The petitions were referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Court, after review of the two petitions, determined that this matter may more appropriately be considered a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 and ordered a response from the Government. (Doc. No. 29). The Government has responded (Doc. No. 31), and this matter is now ready for decision.

**A. Procedural Background**

On May 15, 2002, Movant pled guilty to bank fraud, in violation of 18 U.S.C. § 1344, in this Court. On June 24, 2002, the Movant was sentenced, by United States District Judge Harry F. Barnes, to 15 months imprisonment and $19,344.17 in restitution, to be followed by four years

---

[1] Pleadings filed in this matter will be referred to by docket number and referenced "(Doc. No. ___)."

supervised release.[2]  (Doc. No. 26).  He did not appeal the judgment and sentence imposed.

The present motion was filed on August 29, 2007, as a Petition for Habeas Corpus Relief (hereinafter "Petition") pursuant to 28 U.S.C. § 2241.  (Doc. No. 27).  The Movant did not specify when he deposited the Petition in the prison mail system, but the Petition was signed by Movant on August 24, 2007.  Thus the Court will assume it was also deposited for mailing on that day.  In the original Petition Movant asserted that the Court's imposition of restitution in the criminal judgment was improper because it failed to set out a schedule of payments.

On August 31, 2007, Movant filed a second "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (hereinafter "Supplemental Petition") asserting that his original criminal conviction in this case should be set aside because of speedy trial violations.  He alleged in this second filing that seeking relief pursuant to 28 U.S.C. § 2255 would be "ineffective and inadequate in petitioner's case."  (Doc. No. 28).  Movant did not explain why § 2255 was ineffective or inadequate to review his alleged improper guilty plea.  After review of both the original petition and the supplemental petition, this Court directed service on the United States and an answer within thirty days of such service.  The Court also determined that this matter may be  more properly considered a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, as it in part appeared to be an attack on a federal criminal sentence, rather than solely an attack on the execution of that sentence.  (Doc. No. 29).

The Government has responded and asserts that the Petition(s) filed in this matter should be

---

[2] His 15 month sentence was ordered served concurrently with two sentences imposed on him in the United States District Court for the Western District of Kentucky on January 17, 2002.  In these two cases, Movant was convicted of committing the offense of conspiracy to commit murder for hire and bank fraud and sentenced to life imprisonment and 360 months imprisonment respectively, to be served concurrently with each other.

construed as a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. The Government asserts that the entire matter is time-barred pursuant to 28 U.S.C. § 2255(f), and further that the United States Supreme Court decision relied on by Movant, *Zedner v. United States*, 547 U.S. 489 (2006), has not been retroactively applied and thus is not applicable to this case. Further, the Government responds that Movant's claim involving the lack of restitution repayment schedule should have been brought in a § 2255 proceeding and is, likewise, time-barred.

**B.  Discussion**

    **1. August 29, 2007, Original Petition:** In his first petition, the Movant alleges the Court imposed an illegal sentence by failing to set out a schedule of payments for the $19,344.17 in restitution ordered.[3] In *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003), the United States Court of Appeals for the Eighth Circuit held, in a case of first impression, that a federal inmate cannot challenge the restitution portion of his sentence using § 2255 because the statute affords relief only to prisoners claiming the right to be released from custody. Therefore, a petition for writ of *habeas corpus* pursuant to § 2241, which challenges the execution of a sentence, is the appropriate method of challenging the restitution portion of a criminal sentence. *See Matheny v. Morrison*, 307 F3d 709, 712 (8th Cir. 2002).

    Further, "a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated.*" See United States v. Chacon-Vega*, 2008 WL 313612 at *1 (8th Cir. Feb. 6, 2008)(*citing United States v. Leath*, 711 F.2d 119, 120 (8th Cir.1983) (case remanded to district court to dismiss for lack of jurisdiction because the petitioner,

---

[3]Movant also alleged an improper delegation of authority, by the Court, to the Federal Bureau of Prisons in setting a schedule of repayment of restitution. *See* Discussion *infra*.

who was challenging the execution of his sentence under § 2241, did not file action in the district where he was confined)); *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) ("we have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"). In this case Movant is incarcerated in Beaumont, Texas, within the Eastern District of Texas. His Petition for Writ of *Habeas Corpus* Pursuant to § 2241, challenging the execution of his sentence, must be brought in that district. The original Petition (Doc. No. 27) filed August 29, 2007, should be dismissed for lack of jurisdiction.[4]

Finally, in the original Petition, the Movant also cites several cases involving an improper delegation of authority by sentencing courts to the Federal Bureau of Prisons ("BOP"), allowing the BOP to determine an appropriate payment schedule for restitution. If the original Petition is construed as an attack on the validity of the sentence itself, rather than on its execution, then it must be construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to § 2255, and is untimely as discussed below. However, a review of the Judgment and Commitment in this matter, reveal that the Court's sentence imposed restitution in the amount of $19,344.17, but did not delegate to any entity the power to set a schedule of payments. Therefore, the Court does not construe the

---

[4] A review of the Judgment and Commitment (Doc. No. 24) in this case appears to show that Judge Barnes did in fact include a schedule for repayment of the restitution ordered. The Judgment reads in part:

**SCHEDULE OF PAYMENTS**

. . .
B    x    Payment to begin immediately . . .
. . .
E    x    If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any upaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $25.00, at the direction of the U.S. Probation Officer, with the entire balance to be paid in full one month prior to the termination of supervised release.

original Petition as an attack on the validity of the sentence itself but rather the execution of that sentence.

**2. August 31, 2007 Supplemental Petition:**

a.  <u>Characterization of the Supplemental Petition</u>.  Movant characterizes his entire pleading in this case a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The original Petition (Doc. No. 27), as discussed above, is an attack on the execution of the sentence imposed and is properly characterized as a petition pursuant to § 2241.   The Supplemental Petition (Doc. No. 28), however, is clearly a collateral attack on the conviction and sentence imposed rather than on the execution of that sentence.  Specifically, the Supplemental Petition asserts a violation of the "speedy trial act," asserting that Movant was not brought to trial within the "70 day deadline."  As such, the Supplemental Petition challenges the conviction itself.   "A challenge to a federal conviction, like this one, is most appropriately brought as a motion under 28 U.S.C. § 2255." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)(challenge to voluntariness of a guilty plea).  Further, a writ of *habeas corpus* may issue under 28 U.S.C. § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255.  The Movant has not shown that § 2255 is in some way "inadequate" or "ineffective" to test the validity of his sentence.  The Court, therefore, construes the claim made in the Supplemental Petition as a Motion to Vacate, Set Aside, or Correct Centence pursuant to 28 U.S.C. § 2255.

b.  <u>Statute of Limitations:</u>  The Supplemental Petition should be denied as time-barred.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f).  Section 2255(f) states:

>(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>>(1) the date on which the judgment of conviction becomes final;
>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When a defendant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A); *see also Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, the judgment was entered on June 24, 2002. The deadline for filing a notice of appeal was ten days later. Since the Movant did not appeal the conviction, it became final for purposes of § 2255 no later than July 4, 2002. Therefore, Movant's request for relief in this matter had to be filed by July 4, 2003. It was not filed until August 29, 2007, some four years too late. The Movant has not shown that the deadline should be tolled for any reason. Thus, the Supplemental Petition, construed herein as a § 2255 motion, should be dismissed as time-barred.

### C.  Recommendation

It is accordingly recommended that both the Petition (Doc. No. 27) and Supplemental Petition (Doc. No. 28) be denied, and the case dismissed with prejudice.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **14th day of February, 2008.**

                                                      /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE